UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

JARED BOSWELL,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Civil Action No. 7: 23-66-KKC

**MEMORANDUM OPINION AND ORDER**

*** *** *** ***

In February 2020, Jared Boswell was sentenced to 145 months imprisonment for distributing child pornography. *United States v. Boswell*, No. 0:19-CR-51-DWF-LIB-1 (D. Minn. 2019). Fearful that other inmates would attack him because of his crimes, Boswell asked to be placed in protective custody on April 13, 2021, when he first arrived at the United States Penitentiary – Big Sandy in Inez, Kentucky. But according to Boswell, five prison guards (Pearce, Childers, Pauley, Patrick, and John Doe)[1] spontaneously attacked him when he made his request. Boswell was hospitalized after the altercation, but upon his return six days later, he alleges that two other guards (Arnett and Blevins) let another inmate attack him when he was still handcuffed. The two guards placed Boswell in a restraint chair for more than ten hours, and filed disciplinary charges against him stating that he was the one who started the fight. [R. 1, Page ID # 4-5, 11-14]

Boswell sues the United States and the officers under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80; *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); and Kentucky common law.[2] The Court must screen the complaint pursuant to

---

[1] In May 2022, three of these BOP officers – Patrick, Pearce, and Pauley – were indicted in this Court for allegedly assaulting another inmate during the same time frame as Boswell. Patrick and Pauley reached plea agreements with the government; Pearce proceeded to trial and was convicted of falsifying records. Pearce's appeal remains pending. *See United States v. Patrick*, No. 7:22-CR-9-REW-EBA (E.D. Ky. 2022) [R. 1, 99, 108, 141, 222 therein].

[2] Boswell copied freely and extensively from a complaint previously filed by Corey Taylor, another federal inmate who is, like Boswell, presently confined at the federal penitentiary in Atwater, California. Both complaints assert the same or similar claims based upon similar facts against a comparable group of

28 U.S.C. § 1915A before proceeding further. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). That review establishes that some of Boswell's claims must be dismissed, while others will be permitted to proceed.

# I

The first seven counts of Boswell's complaint assert claims under the FTCA. In all of those claims, Boswell asserts that the FTCA permits him to sue the Bureau of Prisons, a federal agency, and the federal prison guards in their official capacity. *Cf.* [R. 1 at Page ID # 14, 17] This is incorrect. The "FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) (*citing* 28 U.S.C. § 2679(a)); *Blackmar v. Guerre*, 342 U.S. 512, 515 (1952). Nonetheless, the Court liberally construes these claims as asserted against the United States because Boswell names the United States as a defendant and states that "the United States of America may be substituted as a defendant" in lieu of the BOP. *See* [R. 1 at Page ID # 1, 5] Still, some of the FTCA claims must be dismissed.

### A. Count II

In Count II, Boswell states without elucidation that the BOP "negligently hired and/or failed to adequately supervise" its officers involved in the conduct alleged. [R. 1 at Page ID # 16] But that one-sentence conclusory assertion is not supported by any facts necessary to support a plausible inference that the BOP knew, in advance, that the officers would act in the manner they did. Boswell does note that in 2009 – a full 12 years before the alleged assault against him – one out of the five officers involved, Samuel Patrick, was sued along with four other officers for allegedly assaulting an inmate. Patrick and two other officers settled the claims against them in that case. *See Michael Taylor v. Larry Miller, et al.*, No. 7:09-CV-145-ART-EBA (E.D. Ky. 2009) [R. 2, 77 therein]. But the record in that case indicates only the resolution of disputed claims more than a decade before. It does not suggest or establish that Patrick (let alone the other four officers involved in 2021 events) actually assaulted an inmate or that the BOP had notice of violent tendencies by its staff pertinent to events transpiring more than a decade later. Count II therefore fails to state a claim upon which relief may be granted and will be dismissed. *Cf. Hampton v. Bob*

---

defendants. *See Taylor v. United States*, No. 7:22-CV-97-CHB-HAI (E.D. Ky. 2022) [R. 1 therein.] That case remains pending.

*Evans Transportation Co., LLC*, No. 6: 18-CV-143-DCR, 2018 WL 3213609, at *2 (E.D. Ky. June 29, 2018) (*citing Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003)).

    **B.**    **Counts V and X**

In Count V, Boswell asserts a claim for the intentional infliction of emotional distress ("IIED") under the FTCA. [R. 1 at Page ID # 18-19] Boswell also asserts an IIED claim against defendant Blevins in Count X. *Id*. at Page ID # 24-25. But an IIED claim is not available under Kentucky law if "an actor's conduct amounts to the commission of one of the traditional torts such as assault, battery, or negligence for which recovery for emotional distress is allowed." *Rigazio v. Archdiocese of Louisville*, 853 S.W.2d 295, 298-99 (Ky. Ct. App. 1993). It is true that "[t]he tort of outrage is still a permissible cause of action, despite the availability of more traditional torts, as long as the defendants *solely* intended to cause extreme emotional distress." *Green v. Floyd Co., Ky.*, 803 F.Supp.2d 652, 655 (E.D. Ky. 2011). But the facts alleged by Boswell in both counts make plain that the two attacks were intended to visit physical, not purely emotional, harm upon him, so the tort will not lie. *See Estep v. Combs*, 366 F. Supp. 3d 863, 887 (E.D. Ky. 2018); *Childers v. Geile*, 367 S.W.3d 576, 579-80 (Ky. 2012). These claims will be dismissed.

    **C.**    **Count VI**

In Count VI, Boswell contends that all of the defendants engaged in a civil conspiracy under Kentucky law. [R. 1 at Page ID # 20-21] This claim fails for two reasons. First, Boswell states only that the defendants "conspired to cover-up the assault that happened to Boswell." But he fails to allege any actual facts which indicate that such a conspiracy existed. To state a viable claim for civil conspiracy, a complaint must allege sufficient facts showing "that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive the plaintiffs of their constitutional rights, and (3) an overt act was committed in furtherance of the conspiracy that caused the injury." *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (cleaned up). Boswell makes no such assertion, and his vague and conclusory allegations unsupported by material facts are insufficient. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

Second, all of the participants in the alleged conspiracy were guards or officers employed by the BOP at the same prison. Boswell's claim is thus barred by the intra-corporate conspiracy doctrine, which "provides that when all of the defendants are members of the same collective entity, there are not two separate 'people' to form a conspiracy." *Amadasu v. The Christ Hospital*, 514 F.3d 504, 507 (6th Cir. 2008). This doctrine has been applied to bar civil rights claims alleging

conspiracy between employees of the same governmental employer. *Cf. Benton v. City of Cleveland*, No. 1:18-CV-2159, 2019 WL 857646, at *4 (N.D. Ohio Feb. 22, 2019) (*citing Doherty v. Am. Motors Corp.*, 728 F.2d 334, 339 (6th Cir. 1984) (noting that the intra-corporate conspiracy doctrine has been "consistently applied in allegations of conspiracy under the Civil Rights Act.")). The Court will therefore dismiss Count VI.

### D. Count VII

Boswell's last FTCA claim is contained in Count VII and asserts that the BOP violated his right to be free from cruel and unusual punishment as protected by the Eighth Amendment. *See* [R. 1 at Page ID # 21] But the FTCA did not waive the traditional sovereign immunity afforded to the United States for constitutional torts. *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994). This claim must therefore be dismissed for lack of subject matter jurisdiction.

Boswell also asserts that unidentified provisions of Kentucky's "laws, standards, and customs," and its Constitution secures his right "to be housed in a safe and secure environment." But the Kentucky Supreme Court has repeatedly refused to imply a damages remedy for violation of its Constitution in the manner of *Bivens*, nor does any state statute supply such a remedy. *See St. Luke Hosp., Inc. v. Straub*, 354 S.W.3d 529, 534-38 (Ky. 2011). And Boswell makes no effort to identify a specific source for his asserted statutory or common law rights, let alone assert an actual legal claim. The Court's obligation to liberally construe pleadings "does not require a court to conjure allegations on a litigant's behalf." *Kirkman v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (*quoting Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). *See also Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008) ("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements."). This claim will therefore be dismissed.

### E. Count VIII

In Count VIII, Boswell asserts a single claim under *Bivens* which contends that the prison guards used excessive force in violation of the Eighth Amendment. [R. 1 at Page ID # 22-23] It is not clear if Boswell exhausted this claim; he expressly indicates that he exhausted his FTCA claims but makes no similar assertion with respect to this one. *See* [R. 1 at Page ID # 7] Regardless, this claim will be dismissed. First, applying the Supreme Court's precedent in *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1857 (2017) and *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022), this Court and many others have concluded that *Bivens* does not supply an implied damages remedy

4

against federal officers for an asserted violation of the Eighth Amendment for the excessive use of force or for failure to protect an inmate from assault by another inmate. *Cf. McLaughlin v. USP Big Sandy*, No. 7:23-CV-52-REW, 2023 WL 8654370, at *2 (E.D. Ky. Dec. 14, 2023) (collecting cases and citing*, inter alia, Greene v. United States*, No. 21-5398, 2022 WL 13638916, at *4 (6th Cir. Sept. 13, 2022)).

Second, any such claim is barred by the applicable one-year statute of limitations. The excessive force claims accrued immediately when Boswell was assaulted in April 2021. *Cf. Fox v. DeSoto*, 489 F. 3d 227, 233 (6th Cir. 2007) (noting that excessive force claims generally accrue at the time of the assault); *Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015). And "*Bivens* claims have a one year statute of limitations under Kentucky law." *Mitchell v. Chapman*, 343 F.3d 822, 825 (6th Cir. 2003). Boswell was therefore required to file suit upon this claim by April 2022. His complaint, filed in August 2023, did not assert this claim in a timely fashion, and it too must be dismissed.

### F. Count IX

Count IX sets forth Boswell's Kentucky common law claims for assault and battery against the officers involved. [R. 1 at Page ID # 23] However, "a common law claim for assault and battery carries a one-year statute of limitations in Kentucky pursuant to KRS 413.140." *Straub v. St. Luke Hosp., Inc.*, No. 2007-CA-000443-MR, 2008 WL 5264284, at *19 (Ky. Ct. App. Dec. 19, 2008), *rev'd on other grounds*, 354 S.W.3d 529 (Ky. 2011). *See also Jones v. Louisville/Jefferson Cnty. Metro Gov't*, 482 F. Supp. 3d 584, 591 (W.D. Ky. 2020) ("Actions for assault, battery, false imprisonment, and personal injury are subject to the same one-year statute of limitations."). This claim will be dismissed as time barred.

### G. Counts XI and XII

In Counts XI and XII, Boswell asserts claims of "civil harassment" and "menacing" against certain of the individual defendants. Boswell contends that Kentucky recognizes each of these as independent torts. [R. 1 at Page ID # 25-27] The Court was unable to locate any authority indicating that this is so. However, each is a criminal offense under Kentucky's Penal Code. *See* Ky. Rev. Stat. 508.050 ("A person is guilty of menacing when he intentionally places another person in reasonable apprehension of imminent physical injury."); Ky. Rev. Stat. 525.070(1) (establishing that "harassment" may be committed through a variety of acts which, although not amounting to an assault, are done "with intent to intimidate, harass, annoy, or alarm another

5

person."). Generally speaking, violation of a criminal statute does not itself give rise to civil liability. But Kentucky's negligence *per se* statute, Ky. Rev. Stat. 446.070, may permit a person to recover damages caused by the violation of a statute if the plaintiff was in the class of persons which that statute was intended to protect. *Cf. Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 99-100 (Ky. 2000). The Court will leave questions as to the viability of these claims to further development by the parties following service of process.

## II

Having completed its screening of the complaint, the Court will direct the Clerk's Office and the United States Marshals Service ("USMS") to serve the summons and complaint on Boswell's behalf given the difficulties he would face in effecting service while incarcerated. Following service of process, the United States Attorney shall file the certification required by 28 U.S.C. § 2679(d)(1); 28 C.F.R. § 15.4.

In light of the criminal prosecution of three of the defendants, the Court anticipates that formal service of process through typical means will be cumbersome, causing unnecessary and avoidable delay. In the interest of advancing this case and for the convenience of the parties, the Court will enlist the assistance of the Assistant United States Attorney ("AUSA"), to the extent permissible, with effecting service. The Court will request that the AUSA contact each of the individual defendants if possible (whether directly or through counsel), and enquire whether he or she will waive formal service of process and permit the AUSA to accept service on his or her behalf. If the defendant declines, the AUSA shall file address information regarding said defendant into the record, **under seal**, so that the USMS can effect personal, in-hand service.

Finally, the Court cannot accomplish service upon "John Doe," a fictitious defendant. If Boswell intends to pursue claims against this person, he must promptly identify him, file an amended complaint properly naming him as a defendant and including necessary allegations, and provide sufficient information to effect service of process upon him. Failure to do so promptly may result in the dismissal of claims against him for failure to prosecute or as barred by the statute of limitations. *Cf. Wudke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("It is pointless to include a list of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."); *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).

Accordingly, it is **ORDERED** as follows:

6

1. The Court **DISMISSES** Counts II, V, VI, VII, VIII, IX, and X of plaintiff Jared Boswell's complaint.

2. A Deputy Clerk shall prepare "Service Packets" for service upon:

     (a) the United States of America;
     (b) the Federal Bureau of Prisons;
     (c) Lieutenant Kevin C. Pearce, Jr.;
     (d) Captain's Secretary Clinton L. Pauley;
     (e) Case Manager Coordinator Samuel J. Patrick;
     (f) Lieutenant Childers;
     (g) Correctional Officer D. Arnett; and
     (h) Correctional Officer Blevins.

   Each Service Packet shall consist of:

     (a) a completed summons form;
     (b) the complaint [R. 1];
     (c) this Memorandum Opinion and Order; and
     (d) a completed USM Form 285.

3. The Deputy Clerk shall send the Service Packets for the United States of America and the Federal Bureau of Prisons to the USMS in Lexington, Kentucky and note the date of delivery in the docket.

4. The USMS shall serve the United States of America by sending a Service Packet by certified or registered mail to:

     (a) the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky, and

     (b) the Office of the Attorney General of the United States in Washington, D.C.

5. The USMS shall serve the Federal Bureau of Prisons by sending a Service Packet by certified or registered mail to:

     (a) the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

     (b) the Office of the Attorney General of the United States in Washington, D.C; and

     (c) the Central Office of the Federal Bureau of Prisons in Washington, D.C.

6. The Deputy Clerk shall send the six (6) Service Packets for the individual defendants [(c) through (h)], by certified mail, return receipt requested, to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky.

7. Within 45 days, the United States Attorney shall:

   (a) contact each individual defendant to determine if he or she will permit the United States Attorney to accept service of process on his or her behalf; and

   (b) file a report with the Court setting forth the status of the requested waivers.

Entered: January 12, 2024.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY