UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

JARED BOSWELL,

    Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Civil Action No. 7: 23-66-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Defendants Kevin Pearce and Clinton Pauley have filed motions to dismiss the complaint filed by plaintiff Jared Boswell. *See* [R. 35, 40] Boswell has filed a combined response, *see* [R. 57], to which the defendants have replied. *See* [R. 62, 63] The motions are ripe for decision. As explained more fully below, the Court will grant both motions and dismiss the claims against Pearce and Pauley.

According to his complaint, in April 2021 Boswell was confined at the United States Penitentiary – Big Sandy in Inez, Kentucky. [R. 1 at 4, 11] Boswell alleges that when he requested that Bureau of Prisons ("BOP") staff place him in protective custody, five guards (Pearce, Childers, Pauley, Patrick, and John Doe) severely beat him, causing serious injury. *See id.* at 11. According to Boswell, several days later two other guards (Arnett and Blevins) placed him in a segregation cell, where they permitted another inmate to assault him. [R. 1 at 12-13] Unnamed guards then placed Boswell in a restraint chair, where he was kept for more than ten hours. *See id.* at 13.

Boswell filed suit regarding these events in August 2023, more than two years after they transpired. *See* [R. 1-6] The Court conducted its initial screening pursuant to 28 U.S.C.

§ 1915A(a) in January 2024. *See* [R. 10]  Five of Boswell's twelve claims survived that review: Counts I, III, and IV under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*; Count XI, a claim for "civil harassment" under Kentucky law against defendants Darrell Arnett and Aaron Blevins; and Count XII, a claim for "menacing" under Kentucky law against all seven BOP officers. *See id*. at 2-6.  Through their respective motions to dismiss, Pearce and Pauley seek dismissal of any remaining claims against them in Counts III and XII.  *See* [R. 35 at 1; R. 40 at 1]

**A.**

With respect to Count III, after screening that claim persisted *only* as a claim against the United States of America under the FTCA.  In his complaint, Boswell characterized Count III as a "civil battery" claim against the first five guards "acting in their official capacity" but asserted under the FTCA.  *See* [R. 1 at 17]  The Court explained Boswell's misunderstanding of the applicable law in its screening Order:

> The first seven counts of Boswell's complaint assert claims under the FTCA.  In all of those claims, Boswell asserts that the FTCA permits him to sue the Bureau of Prisons, a federal agency, *and the federal prison guards in their official capacity*.  This is incorrect.  The "FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." Nonetheless, the Court liberally construes these claims *as asserted against the United States* ...

[R. 10 at 2 (cleaned up; emphasis added)]  After Pearce and Pauley filed their dispositive motions, the Court reaffirmed this corrective interpretation of Boswell's FTCA claims when responding to a motion from the United States.  The Court explained:

> The wording of the complaint, taken as a whole, indicates Boswell's intention to sue the United States under FTCA, not the BOP.  And the Court has already resolved any ambiguity lingering from the wording of Boswell's complaint in favor of treating the United States as the sole government defendant ...

2

[R. 55 at 4-5]  *See also* [R. 55 at 4 n.2 (noting that in the screening order "the Court therefore construed Boswell's claims set forth in Counts III - VII as asserted against the United States under the FTCA based upon the conduct of the named officers.")]

Pearce and Pauley note the Court's prior statements on the subject when seeking formal dismissal of the FTCA claims against them.  *See* [R. 35 at 2; R. 40 at 2]  In his response, Boswell "concedes that Pauley and Pearce cannot be sued personally under the FTCA."  *See* [R. 57 at 7]  Still, he claims that "it is clear that he intended to assert an alternative non-FTCA individual/personal capacity claim against Pauley, Pearce, and the other individual Defendant's for civil battery."  *Id*.  Accordingly, he seeks leave to amend his complaint to that effect.  *See id*.  But Boswell asserted "an alternative non-FTCA" battery claim against these individual defendants in Count IX of his original complaint.  *See* [R. 1 at 23-24]  Boswell's assertion regarding his initial pleading intentions in therefore incorrect.  In any event, the Court dismissed that claim upon initial screening as barred by the statute of limitations.  *See* [R. 10 at 5]  Amendment of the complaint to re-assert a time-barred claim would be futile.  *Bray v. Bon Secours Mercy Health, Inc.*, 97 F.4th 403, 409 (6th Cir. 2024) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.").  The Court will therefore formally dismiss Count III against defendants Pearce and Pauley.

**B.**

In Count XII of his complaint, Boswell claimed that the seven BOP guards "committed the act of menacing upon Boswell" by "intentionally plac[ing him] in reasonable apprehension of imminent physical injury."  *See* [R. 1 at 26, ¶¶ 167, 168]  Boswell did not allege any specific facts to support that claim, at least apart from his plenary incorporation by reference of all 163 preceding paragraphs of that pleading.  *See id*. at 26, ¶ 164.  During initial screening, the Court

noted that menacing is a criminal offense in Kentucky, *see* Ky. Rev. Stat. 508.050, and that a civil claim *might* exist through Kentucky's negligence *per se* statute, *see* Ky. Rev. Stat. 446.070. *See* [R. 10 at 5-6]

Pearce and Patrick challenge that possibility, asserting that: (a) Boswell's allegations are conclusory because they merely mimic the text of the menacing statute; (b) the negligence *per se* statute does not create a civil claim for violation of the menacing statute; and (c) Ky. Rev. Stat. 431.140(a) provides the applicable one-year statute of limitations for such a claim, rendering any claim by Boswell time-barred.  *See* [R. 35 at 4-5]

The Court assumes, for present purposes only, that Boswell's allegations satisfy Rule 8's minimum pleading standards.  True, in Count XII Boswell merely states without explanation that the defendants' actions placed him in "reasonable apprehension of imminent physical injury." *See* [R. 1 at 26, ¶ 168]  That characterization is copied *verbatim* from the criminal menacing statute.  *See* Ky. Rev. Stat. 508.050(1) ("A person is guilty of menacing when he intentionally places another person in reasonable apprehension of imminent physical injury.").  But Boswell also incorporated by reference the prior paragraphs in his complaint, *see id*. at 26, ¶ 164, including his factual allegations about the two assaults, both the original one directly by officers and the second by an inmate allegedly facilitated by officers.  *See* [R. 1 at 11, ¶¶ 47-48; at 13, ¶ 60-61]  Those descriptions, though still sparse, set forth physical acts taken which reasonably could have placed Boswell in "apprehension of imminent physical injury."  Given the liberal construction afforded to *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), the Court declines to dismiss the claim on grounds of pleading sufficiency.

The Court agrees, however, that any claim by Boswell under Section 446.070 would be governed by the one-year limitations period found in Ky. Rev. Stat. 431.140(1)(a) for personal

4

injuries, and is therefore time-barred. The Kentucky Supreme Court has explained that "a theory of liability cannot be regarded as having been 'created by statute' as stated in KRS 413.120(2) if it otherwise existed at common law prior to the enactment of the statute." *Overstreet v. Kindred Nursing Centers Limited Partnership*, 479 S.W.3d 69, 74 (Ky. 2015). Kentucky's menacing statute, passed in 1974, criminalized conduct placing the victim in "apprehension of imminent physical injury." Ky. Rev. Stat. 508.050(1). That language derives from Kentucky common law for assault and the 1962 version of the Model Penal Code ("MPC"), which set forth three ways a malefactor can commit a simple assault. *See* MPC § 211.1(1) (1962) ("A person is guilty of assault if he: ... (c) attempts by physical menace to put another in fear of imminent serious bodily injury."). Likewise, the common law civil tort of assault long predates the 1974 enactment of Section 508.050(1). *See* Restatement (Second) of Torts §§ 21, 31 (1965).

The state and federal courts in Kentucky have consistently held that the longer limitations period found in Ky. Rev. Stat. 413.120 does not apply to personal injury claims asserted pursuant to statutes that codified common law precursors. *See Powers v. Kentucky Farm Bureau Mut. Ins. Co.*, 694 S.W.3d 361, 373-74 (Ky. 2024) (holding that negligence claim filed more than one year after auto accident was not rendered timely by Ky. Rev. Stat. 413.120 or 446.070 because the criminal statute prohibiting operation of a motor vehicle under the influence of alcohol or drugs did not "impart[] any new theory of liability distinct from 'the traditional common law duty to avoid negligently or intentionally injuring another person.'"); *Toche v. American Watercraft*, 176 S.W.3d 694, 698 (Ky. Ct. App. 2005) (applying one-year statute of limitations for personal injury claims even where plaintiff advanced a negligence *per se* theory); *Goins v. Lafoe*, No. 2014-CA-001476-MR, 2016 WL 3050234, at *1-2 (Ky. Ct. App. May 27, 2016) (inmate's claims that, during altercation at jail, guards committed a criminal assault and engaged in official

5

misconduct in violation of Kentucky penal statutes were governed by one year limitations period of Section 413.140(1)(a)); *Anderson v. Speedway SuperAmerica, LLC*, No. CIV.A. 05-57-DLB, 2007 WL 710164, at *2 n.4 (E.D. Ky. Mar. 6, 2007).

Boswell argues in response that it would be premature to address the moving defendants' limitations arguments because he wishes to develop a factual record demonstrating his entitlement to equitable tolling for the period when he was exhausting his administrative remedies. [R. 57 at 5] Because the defendants raised a statute of limitations defense in their motions to dismiss, Boswell was obligated to present *in his response* a factually and legally supported argument for equitable tolling if he intended to assert one. After all, in his original complaint Boswell alleged that he had exhausted his administrative remedies. [R. 1 at 13, ¶ 67] The events giving rise to his claims occurred more than two years before Boswell filed his complaint, and more than three years before the defendants filed their dispositive motions. The Court also afforded Boswell more than two months to respond to the defendants' motions. *See* [R. 46] He has therefore had ample time to utilize readily-available mechanisms to obtain copies of any inmate grievances and appeals he filed regarding his claims to legally develop and factually support such an argument. *See* 28 C.F.R. § 542.19 ("Inmates and members of the public may request access to Administrative Remedy indexes and responses, for which inmate names and Register Numbers have been removed, as indicated below.").

Regardless, even if the BOP availed itself of each and every extension of time permitted under its regulations, the exhaustion process takes no more than 210 days to complete from start to finish. *See* 28 C.F.R. § 542.15(a), 542.18. And once the time period for the BOP to respond to grievances and appeals has expired under its regulations, equitable tolling ceases. *See Jordan v. U.S. Dept. of Justice*, No. 7:15-CV-138-KKC (E.D. Ky. 2015), *aff'd*, No. 17-5467 (6th Cir.

Mar. 7, 2018) (*citing Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) ("It is well established that 'administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance.'")). Assuming that Boswell promptly and timely filed his initial grievance within 20 days after the assaults, *see* 28 C.F.R. § 542.14(a), the exhaustion process was complete no more than six months after the attacks on April 13 and 19, 2021. Equitable tolling therefore ceased no later than early November 2021, and Boswell was required to assert his *Bivens* claims by early November 2022. As the Court has previously indicated, Boswell's claims are time-barred because he did not file his complaint until early August 2023, nine months too late, even accounting for the fullest measure of equitable tolling.

Boswell also contends that his complaint adequately alleged that he had exhausted his administrative remedies and timely filed suit. *See* [R. 57 at 5] But those broad assertions in Boswell's complaint are not factual allegations but legal conclusions, and hence are not ones that the Court is obligated to accept as true when deciding a motion to dismiss. *Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023), *cert. denied*, 144 S. Ct. 1353 (2024) (*citing Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

Boswell further asserts that it would have been inefficient for him to file suit before he had exhausted his claims under both the FTCA on the one hand and under *Bivens* and Kentucky law on the other. *See* [R. 57 at 6] But the exhaustion requirements and limitations periods applicable to the FTCA and *Bivens* claims are separate and must be satisfied independently of one another. *See Brockett v. Parks*, 48 F. App'x 539, 541 (6th Cir. 2002) (an inmate's "attempts to pursue his FTCA claim have no bearing on whether or not he exhausted his *Bivens* claim."). Broad, discretionary concerns about judicial efficiency do not override clear statutory commands establishing limitations periods. And Boswell waited until approximately August 2022 before he

sought administrative settlement of his FTCA claim. *See* [R. 1-1 at 2-3] Boswell thus waited at least fifteen months after the incidents in question before he even began the process of satisfying the FTCA's presentment requirement. He therefore cannot now complain that delay in completing that process, occasioned by his own delay in initiating it, presented him with Hobson's choice between filing his *Bivens* claims early or waiting until his FTCA claim was properly exhausted and presenting all of his claims together.

Having determined that Boswell failed to timely assert any civil claim for "menacing," the Court need not conclusively decide whether such a claim actually exists under Kentucky's negligence *per se* statute. The Court nonetheless concludes that it does not. Kentucky's menacing statute, Ky. Rev. Stat. 508.050(1), defines a criminal offense, not a civil tort. But by statute Kentucky has codified and expanded the common law doctrine of negligence *per se*. *See* Ky. Rev. Stat. 446.070 ("A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."); *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 99-100 (Ky. 2000). The statute creates a private right of action for violation of a statute if: (1) the statute is penal in nature or provides no civil remedy; (2) the plaintiff is within the class of persons the regulation was intended to protect; and (3) the injury suffered was of the kind the regulation was designed to prevent. *Vanhook v. Somerset Health Facilities, LP*, 67 F. Supp. 3d 810, 817 (E.D. Ky. 2014); *Carman v. Dunaway Timber Co.*, 949 S.W.2d 569, 570 (Ky. 1997).

Section 446.070 does not create a private right action for violation of the menacing statute. In the cases where a criminal statute has been found to create a private claim, the statute expressly specifies a discrete subcategory of the citizenry warranting special protection. *Cf. Vanhook*, 67 F. Supp. at 820-21 (noting that "[t]wo of the statutes aim to protect a certain kind of

victim."). The first statute at issue in that case was Ky. Rev. Stat. 530.080, which criminalizes endangering the welfare of "an incompetent person," meaning "a person who is unable to care for himself because of mental illness or intellectual disability." The statute has therefore been found to support a negligence *per se* claim. *Cf. Pace v. Medco Franklin RE, LLC*, No. 1:12-CV-00132, 2013 WL 3233469, at *3 (W.D. Ky. Jun. 25, 2013). The second statute at issue was Ky. Rev. Stat. 508.100, which criminalizes the abuse of "a person twelve (12) years of age or less, or who is physically helpless or mentally helpless." That statute has likewise been found to support a negligence *per se* claim. *Cf. Compton v. City of Harrodsburg*, No. 5:12-CV-302-JMH, 2013 WL 1993235, at *1-2 (E.D. Ky. May 10, 2013).

In contrast, the third statute at issue, the criminal facilitation statute found at Ky. Rev. Stat. 506.080, defines no specific class of protected persons, and is therefore designed to protect the public at large. *See Vanhook*, 67 F. Supp. at 821. If a statute applies universally, it does not protect a "class" of persons, it protects all of them. Put another way, if the "class of persons the regulation was intended to protect" reaches the entirety of the general populace, then the second requirement for application of the negligence *per se* statute will *always* be satisfied, rendering it wholly meaningless. That is an interpretation to be strenuously avoided. *Accord Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 128 (2018). Any plausible reading of Kentucky precedent applying Section 446.070 therefore necessarily indicates that to warrant creation of a private cause of action, the criminal statute at issue must apply to only a "class" of persons, not the general population writ large. Because Ky. Rev. Stat. 508.050(1) admits of no such limiting principle, 446.070 does not create a private right action for its violation.

For all of the foregoing reasons, the Court will grant the motions filed by Pearce and Pauley, and dismiss the claims against them.

Accordingly, it is **ORDERED** as follows:

1. The motion to dismiss filed by defendant Kevin Pearce [R. 35] is **GRANTED**. The claims against Pearce are **DISMISSED** with prejudice.

2. The motion to dismiss filed by defendant Clinton Pauley [R. 40] is **GRANTED**. The claims against Pauley are **DISMISSED** with prejudice.

Entered: March 24, 2025.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY